19 F.3d 32
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus Barajas URENA, Defendant-Appellant.
 No. 93-10455.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 16, 1994.
 
 Before: SCHROEDER, CANBY and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jesus Barajas Urena appeals his 120-month sentence following a guilty plea to conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. Sec. 846. Despite a negotiated plea agreement in which Urena expressly waived his right to appeal his sentence, he contends for the first time on appeal that 18 U.S.C. Sec. 3553(e) violates his due process and equal protection rights by not permitting a downward departure from a statutory mandatory minimum sentence for acceptance of responsibility. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.
 
 
 3
 Even assuming that Urena's waiver of his right to appeal in his plea agreement is not valid, and that he has standing to challenge section 3553(e), his argument is foreclosed by United States v. Ayarza, 874 F.2d 647, 653 (9th Cir.1989), cert. denied, 493 U.S. 1047 (1990) ("[S]ection 3553(e) is not unconstitutional insofar as ... [it] allow[s] only the Government to seek a departure from the minimum mandatory sentence to reflect a defendant's " 'substantial assistance.' "). Accordingly, Urena's argument must fail.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3